### THE LOUISA.

### McGUIRE v. THAMES TOWBOAT CO.

#### (District Court, S. D. New York. December 9, 1913.)

#### No. 488.

TOWAGE (§ 11*)—STRANDING OF TOW—LIABILITY OF TUG—UNCHARTED ROCK.

A tug *held* not in fault for the stranding of her tow by striking a small submerged rock while following the usual and customary course through the channel of a river, where the rock was uncharted and not generally known to pilots in the neighborhood.

[Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 11–23; Dec. Dig. § 11.*]

In Admiralty. Suits by the Thames Towboat Company against the scow Louisa for salvage services, and by James F. McGuire, owner of the Louisa, against the Thames Towboat Company for negligent stranding of the scow. Decree for the Towboat Company.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Barry, Wainwright, Thacher & Symmers, of New York City (James K. Symmers and Earle Farwell, both of New York City), for Thames Towboat Co.

James J. Macklin, of New York City (Frank V. Barnes, of New York City, of counsel), for the Louisa and James F. McGuire.

HOLT, District Judge. These are two suits, one by the owner of the scow Louisa against the Thames Towboat Company to recover damages for the stranding on March 1, 1912, of the scow Louisa on a rock at the westerly entrance to the Mystic river, while the scow was being towed by the tug Miles Standish, owned by the Thames Towboat Company. The other action is brought by the towboat company to recover for salvage services in raising the scow. The question in the case is whether the tugboat was guilty of any fault which caused the scow to sink. If it was, the owner of the scow is entitled to judgment, and, if it was not, the towboat company is entitled to compensation for raising the scow. The scow sank by reason of striking a submerged rock. This rock was not marked on the chart, and was not generally known to the pilots of the neighborhood. One of the old pilots claimed to have known of it. But the pilots and mariners about the Mystic river and the region generally had never heard of it. It was a small boulder or peak which the officers of the Coast Survey had a good deal of difficulty in finding after its position was known. The tide that day was very low. The rock was situated about 10 or 11 feet below water at low tide, and near a buoy which marked the channel. The tug was proceeding on the port side of the buoy and near to it. The buoy was a midchannel buoy, which navigators had a right to assume could be passed safely on either side. The course which the pilot of the tugboat took was the usual and customary course.

In my opinion, the pilot of the tug was not at fault for the stranding. Pilots are required, of course, to have such a degree of expert skill and such knowledge of the channels, buoys, tides, and the general locality in which they undertake to act as pilots as is necessary to properly discharge their duty. But they are not insurers. If the pilot of a tug exercises the reasonable degree of skill and care which may properly be expected of a pilot, the tug is not responsible for injuries to the tow arising from hidden, unknown, and uncharted obstructions.

The libel in the case of McGuire against the towboat company is dismissed, and in the salvage case the libelant is entitled to a decree. If the parties cannot agree upon the proper amount of compensation, a reference will be ordered to determine it.